1

2

3

4

5

6

7                         UNITED STATES DISTRICT COURT

8                         EASTERN DISTRICT OF CALIFORNIA

9

10   TONY HILL,                          Case No.   1:23-cv-01103-JLT-EPG

11               Plaintiff,              FINDINGS AND RECOMMENDATIONS,
                                         RECOMMENDING THAT PLAINTIFF BE
12        v.                             REQUIRED TO PAY THE $402.00 FILING
                                         FEE IN FULL IF HE WANTS TO PROCEED
13   TAMMY CAMPBELL, et al.,             WITH THIS ACTION

14               Defendants.             (ECF No. 1)

15                                       OBJECTIONS, IF ANY, DUE WITHIN
                                         FOURTEEN (14) DAYS
16

17

18        Plaintiff Tony Hill is a state prisoner proceeding *pro se* in this civil rights action filed

19   under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff has not paid the $402 filing fee nor filed an

20   application to proceed *in forma pauperis* in this action.[1]

21        Because the Court concludes that Plaintiff had at least three "strikes" prior to filing the

22   action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed

23   the action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if

24   he wants to proceed with the action.

25   I.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

26        Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915.

27   _____

28   [1] Plaintiff also has a pending motion for preliminary injunctive relief and a motion to appoint counsel.
     (ECF Nos. 2, 4). The Court will not address these motions until after the filing fee issue is decided.

1
2
3
4

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

5

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g),

6

"the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This

7

means that the procedural mechanism or Rule by which the dismissal is accomplished, while

8

informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal

9

citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute,

10

'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a

Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

11

## II.     ANALYSIS

12

### A.     Strikes

13

Plaintiff filed this action on July 24, 2023. (ECF No. 1). The Court takes judicial notice of

14

the following five cases, each of which counts as a "strike": (1) *Hill v. Williams, et al.*, 2:98-cv-

15

07173-LGB-CT (C.D. Cal.) (dismissed September 15, 1998, for failure to state a claim); (2) *Hill

16

v. Wallace, et al.*, 2:99-cv-06406-ABC-CT (C.D. Cal.) (dismissed July 7, 1999, for failure to state

17

a claim; (3) *Hill v. Horton, et al.*, 2:13-cv-00805-UA-CW (C.D. Cal.) (dismissed February 28,

18

2013, for failure to state a claim); (4) *Hill v. The Seven Eleven Corporation, et al.*, 2:13-cv-

19

01239-UA-CW (C.D. Cal.) (dismissed March 18, 2013, for failure to state a claim); and (5) *Hill

20

v. Michele A. Douglas, et al.*, 2:13-cv-09528-UA-CW (C.D. Cal.) (dismissed January 17, 2014,

21

for failure to state a claim).

22

Additionally, the Court notes that Plaintiff has been found by other courts to have incurred

23

at least three "strikes": (1) *Hill v. Tehachapi State Prison*, 1:16-cv-01085-LJO-EPG (E.D. Cal.)

24

(ECF No. 3) (concluding that Plaintiff had at least three "strikes"); (2) *Hill v. CDCR, et al.*, 1:14-

25

cv-00002-LJO-GSA (E.D. Cal.) (ECF No. 26) (same); and (3) *Hill v. White, et al.*, 1:13-cv-1275-

26

AWI-DLB (E.D. Cal.) (ECF No. 15) (same).

27

\\\

28

\\\

### B.      Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231-32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

Plaintiff's complaint sues five prison officials and brings a single cause of action. (ECF No. 1). The complaint is difficult to follow; however, Plaintiff generally alleges that prison officials are cooperating with Plaintiff's cellmates to provoke him to act violently towards prison officers and inmates. And a prison official wrote a false disciplinary report against him. He also alleges that prison officials had Plaintiff's bunkmate put his hands, with feces on them, under Plaintiff's nose as he slept. Lastly, Plaintiff appears to ask for a transfer and claims to be falsely imprisoned.

Such allegations are insufficient to show that there is a real and imminent threat to Plaintiff's personal safety under the standards described above. As noted, under the nexus requirement, Plaintiff must allege an "imminent danger fairly traceable" to Defendants' conduct. *Ray*, 31 F.4th at 701. While Plaintiff summarily alleges that prison officials are working with cellmates to provoke a violent reaction, he provides no facts to support this allegation. Moreover, some of his allegations, such as his bunkmate putting his feces covered hands under Plaintiff's nose as he slept, while troubling, do not show an imminent danger of serious physical injury.

Accordingly, because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

Lastly, the Court notes that Plaintiff's complaint states that his facts are related to another case, *Hill v. Katavich, et al.*, 1:15-cv-631-LJO-JLT. (ECF No. 1, p. 1). Notably, this was another case in which Plaintiff was found to be a "three-striker" and was dismissed after Plaintiff failed to pay the filing fee. (ECF Nos. 3, 18). Despite the case being dismissed in 2015, and Plaintiff's appeal being dismiss in 2016, Plaintiff continued to submit filings until 2021 that were repeatedly rejected. To the extent that Plaintiff's intent is to revive or continue his prior case, he cannot do so.

## III.   CONCLUSION AND RECOMMENDATIONS

The Court concludes that, under § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, IT IS RECOMMENDED that:

1.  Pursuant to 28 U.S.C. § 1915(g), Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

2.  Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 16, 2023**                            /s/ *Erica P. Grosjean*
                                                                      UNITED STATES MAGISTRATE JUDGE