**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TONY HILL, | Case No. 1:23-cv-01103 JLT EPG |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO REOPEN CASE AND REQUEST FOR RELEASE |
| v. | |
| TAMMY COMPAELL, | (Docs. 21, 22, and 23) |
| Defendant. | |

Tony Hill alleges violations of his civil rights in his complaint. (Doc. 1.) The Court found Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), and he did not satisfy the "imminent danger of serious physical injury" exception to § 1915(g). Therefore, the Court ordered Plaintiff to pay the filing fee. (Doc. 10.) After he failed to do so, the Court dismissed the action without prejudice. (Doc. 15.) The Court entered judgment on October 10, 2023. (Doc. 16.) Plaintiff appealed the dismissal to the Ninth Circuit, which dismissed the appeal for failure to prosecute on December 27, 2023. (Doc. 20.)

On July 10, 2024, Plaintiff filed a motion to reopen the case. (Doc. 23.) Plaintiff asserts that his rights arising under the Eighth Amendment were violated, and the defendants show "deliberate indifference[] to [his] well being wherein a substantial risk to serious harm would have been imminent." (*Id.* at 2.) In addition, Plaintiff describes himself as "a snitch," because he seeks monetary damages from the defendants who have harmed him. (*Id.*) On July 15, 2024,

1

1  Plaintiff filed a "supplemental motion for a request to re-open this case due to imminent danger."
2  (Doc. 22 at 1.)  He contends he has received rules violations based upon false reports, and is now
3  housed in the mental health building, though he has requested to be able to leave the building.
4  (*Id.* at 2.)  Plaintiff asserts he should not have received the rules violation for declining a cellmate,
5  and that he said he did so because he fears "the warden is trying to murder [him] with the help of
6  cellmates."  (*Id.*)   Finally, Plaintiff requests the Court order his "release from state prison."
7  (Doc. 23 at 2.)

8        The Court construes Plaintiff's motions to reopen the case as motions under Rule 60 of the
9  Federal Rules of Civil Procedure.  Pursuant to Rule 60(b), "[o]n motion and just terms, the court
10  may relieve a party or its legal representative from a final judgment, order, or proceeding."  *Id.*
11  Rule 60(b) states that such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

      Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (quotation marks, citation omitted).

      "A motion for reconsideration should not be granted, absent highly unusual circumstances,

unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted) (emphasis in original).

Plaintiff fails to offer any proper grounds for reconsideration of the Court's order dismissing this case for failure to pay the filing fee. Although Plaintiff seems to suggest that the fee should be waived due to him being in "imminent danger," he does not allege any concrete facts to support a conclusion that he is any imminent danger of serious physical harm. At most, Plaintiff speculates that if he is placed with a cellmate, he may be in danger due to a belief that the warden wants to murder him. However, Plaintiff fails to allege any facts that support this belief. Importantly, a plaintiff must "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). Thus, "vague and utterly conclusory assertions," such as those now made by Plaintiff, are insufficient. *Herbaugh v. San Diego Sherrif's Dept.*, 2018 WL 5024802, at *2 (S.D. Cal. Oct. 17, 2018). Plaintiff fails to meet such a burden and show that he is entitled to the relief under Rule 60(b).

In addition, the Court has no authority to order Plaintiff released from his state custody in this action no matter how it was resolved. *See Preiser v. Rodriguez,* 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"). Instead, Plaintiff must seek such a remedy through the filing of a petition for writ of habeas corpus. *See Nettles v. Grounds,* 830 F.3d 922, 933 (9th Cir. 2016). Accordingly, the Court **ORDERS**:

1. Plaintiff's motions to reopen the case (Docs. 21 and 22) are **DENIED**.
2. Plaintiff's request for immediate release from state prison (Doc. 23) is **DENIED** without prejudice to filing a proper petition for writ of habeas corpus.

///

3. The action shall remain closed, and no further motions will be entertained.

IT IS SO ORDERED.

Dated:   **September 6, 2024**

_____
UNITED STATES DISTRICT JUDGE